IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LORENZO LUIS GONGORA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1078-O |
| | § | (Criminal No. 4:22-cr-195-O(1)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION and ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant Lorenzo Luis Gongora ("Gongora")'s motion to vacate under 28 U.S.C. § 2255 (ECF No. 1), along with the government's response (ECF No. 7). Gongora did not file a reply. After considering the § 2255 motion, the response, and applicable law, the Court **DENIES** Gongora's § 2255 motion.

I.   BACKGROUND

A.   Facts

Gongora committed two robberies on February 20, 2022. Presentence Report (PSR) at ¶ 8, CR ECF No. 24-1. Each took place at a different Family Dollar store. The first, located on Hemphill Street in Fort Worth, Texas, occurred at approximately 4:56pm. *Id.* at ¶ 9. Gongora entered the store wearing a mask, and he pointed a firearm at the two cashiers. *Id.* When the employees had difficulty retrieving money from the registers, Gongora fired a shot into the ceiling. *Id.* at ¶ 10. Gongora then grabbed the register tills and left with $1,318 in cash. *Id.*

A few hours later, at around 8:40pm, Gongora entered a second Family Dollar store, this one located on Rosedale Street in Fort Worth, Texas. *Id.* at ¶ 13. He again wore a mask and pointed a firearm at the store cashier, demanding cash. The cashier could not open the drawer

1

without a store manager, however, so Gongora fled the store without any money or property. *Id.* Later that evening, police identified Gongora's vehicle as the one seen on video surveillance, and he was apprehended along with a passenger in the vehicle, Gongora's girlfriend (Salazar). *Id.* at ¶¶ 15-16. Gongora participated in a custodial interview, and admitted to committing both robberies after investigators presented him with surveillance photos that implicated him. *Id.* at ¶ 17. Gongora also admitted that he shot a man standing at the corner of Rosedale Street that same day. *Id.* The firearm used in these offenses was located on Salazar's person at the time of his arrest. *Id.* at ¶ 16.

### B.     Charge, Guilty Plea, and Presentence Report

Gongora was first charged in state court with two counts of aggravated robbery and one count of aggravated assault with a deadly weapon. *Id.* at ¶ 17. A few months later, he was named in a two-count federal indictment charging him with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count One)—based on the first robbery at the Hemphill Family Dollar store—and being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two). *Id.* at ¶ 1; Indictment 1-2, CR ECF No. 1.

Gongora ultimately pleaded guilty pursuant to a plea agreement to Count One of the federal indictment. Factual Resume (FR) 1-2 (stipulating to facts as to committing both robberies), CR ECF No. 16; Plea Agreement 17 (pleading guilty to Count One), CR ECF No. 17. The Plea Agreement included a waiver of Gongora's appellate rights subject to very few exceptions:

> **ll. Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the

>  rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Plea Agreement 5, CR ECF No. 17.

The PSR calculated a total offense level of 26, which included a pseudo-count for the second robbery. PSR ¶¶ 25- 45, CR ECF No. 24-1. The PSR also provided additional details regarding the aggravated assault incident as "offense behavior not part of relevant conduct." *Id.* at ¶ 46. That section of the PSR recounted that a man was standing at the corner of Rosedale and Hemphill Streets when Gongora fired five shots at him, striking the victim twice. *Id.* The victim then sought help from a nearby business, at approximately 9:47 p.m. on February 20, 2022. *Id.* At the time of his arrest for the robberies, Gongora admitted to shooting out of his vehicle window in the direction of the victim. *Id.*

The PSR next detailed Gongora's extensive and violent criminal history. PSR at ¶¶ 49-62. The report also listed the state charges that were still pending, *Id.* at ¶¶ 63-64. The first, No. 1720338, was a charge of aggravated robbery that the PSR included as offense conduct. Id, at ¶¶ 63, 92. The second, No. 1719799, was a charge of aggravated assault with a deadly weapon, based on Gongora's unrelated conduct in shooting the homeless man. *Id.* at ¶¶ 64, 92. The PSR Addendum reiterating that the aggravated assault was "Offense Behavior Not Part of Relevant Conduct" that was "not calculated in the Guidelines." PSR Addendum 2, CR ECF No. 30-1. With his criminal history category of III and a total offense level of 26, Gongora's guideline imprisonment range was 78 to 97 months. PSR at ¶ 91.

### C. Sentencing and Appeal

At the sentencing hearing, Gongora's counsel asked for a sentence at the bottom of the guideline range and that his sentence be run concurrently to "both pending state cases outlined in the presentence report." Sentencing Tr. 6-7, CE ECF No. 44. His counsel told the Court that the pending state case was "used" in the PSR "as a basis for a sentencing enhancement." *Id.* at 7. However, the Court ultimately imposed an upward-variant sentence of 144 months, to run consecutive to any future sentence in Case No. 1719779 (the aggravated assault case) and concurrent to Case No. 1720338 (the aggravated robbery case). *Id.* at 10. Gongora's counsel objected to running the sentence consecutive to the aggravated assault sentence, "considering the Court considered that conduct as part of the reasoning for an upward variance." *Id.* at 13. The Court overruled the objection and stated that even if it was incorrect, it would impose the same sentence based on the specific facts of this case. *Id.*

Gongora filed a notice of appeal, but his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit Court of Appeals agreed with his counsel and dismissed Gongora's appeal as frivolous. *United States v. Gongora*, No. 22-11232, 2023 WL 4351234 (5th Cir. July 5, 2023) (unpublished). Gongora did not petition for certiorari. He now seeks relief through a § 2255 motion. Mot. Vacate 1-15, ECF No. 1.

## II. GROUND FOR RELIEF

In his timely filed § 2255 motion, Gongora argues that he was convicted by both state and federal courts for the same charge, and the sentences were run consecutively, in violation of the Double Jeopardy Clause. Mot. Vacate 5. ECF No. 1.

4

### III. APPLICABLE LAW

#### A. Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence on four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" 28 U.S.C. § 2255(a); *see United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

### IV. ANALYSIS

Gongora alleges that his federal and state convictions and sentences violate the Double Jeopardy Clause because they were for the "same charge." Mot Vacate 5, ECF No. 1. The claim fails for the different reasons set forth below.

#### A. Waiver

The Court notes first that Gongora's claim is barred from review in this proceeding by the application of Gongora's knowing and voluntary waiver. Plea Agreement 5, ECF No. 17. In

5

exchange for the dismissal of Count Two in the indictment and the government's agreement not to bring any additional charges from his extensive illegal conduct, Gongora agreed to waive his rights "to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Id.* Gongora did reserve two narrow exceptions to this waiver in § 2255 proceedings: (1) to challenge the voluntariness of his guilty plea or the waiver; and (2) to bring a claim of ineffective assistance of counsel. *Id.* In this § 2255 motion, Gongora challenges this Court's decision to run his sentence consecutive to any state court sentence for the aggravated assault case, claiming this constitutes a violation of the Double Jeopardy Clause. This claim does not fall within either exception to Gongora's collateral-attack waiver. He does not claim his guilty plea was involuntary, and he does not bring any claim of ineffective assistance of counsel. Thus, his waiver bars his right to seek § 2255 relief in this proceeding.

**B.     Procedural Bar**

Next, Gongora's allegations are procedurally defaulted because he did not raise them on direct appeal. "It is hornbook law that a Section 2255 motion is not a substitute for appeal." *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973) (internal quotation marks omitted). Where, as here, "a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate cause and actual prejudice or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (cleaned up); *see also United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). That standard imposes "a significantly higher hurdle than the plain error standard" that governs direct appeals. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc). Courts apply

this "rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until the next in a series of endless postconviction collateral attacks." *Id.* Gongora fails to make either showing required to overcome his default.

Gongora makes no argument for actual innocence to excuse his default, and he has failed to show cause and prejudice to overcome his default. The only explanation for his default that Gongora offers is that his appellate counsel filed an *Anders* brief. Mot. Vacate 6, ECF No. 1.This, of course, merely establishes that Gongora's counsel could have raised a double jeopardy claim on direct appeal, had he not deemed one frivolous, but reached the opposite conclusion instead. Gongora points to no "objective factor external to the defense that impeded counsel's efforts to comply with the [relevant] procedural rule," and he thus fails to demonstrate cause. *Vargas-Soto*, 35 F.4th at 993 (quoting *Davila v. Davis*, 582 U.S. 521, 528 (2017).) Nor has he claimed or shown prejudice. Thus, Gongora's claims is also procedurally defaulted.

### C.     Claim Fails on the Merits

Lastly, Gongora's double jeopardy claim fails on the merits as he relies on a fatal misconception. "Consideration of relevant conduct in determining a defendant's federal sentence within an authorized punishment range . . . does not violate the prohibition against multiple punishments because it does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." *Phillips v. United States*, No. 1:20-CV-407, 2023 WL 5944299 *10  (E.D. Tex. Aug. 2, 2023), *rep. and rec. adopted*, No. 1:20-CV-407, 2023 WL 5943108 (E.D. Tex. Sept. 11, 2023) (citing *Witte v. United States*, 515 U.S. 389, 397 (1995)).

Gongora was convicted and sentenced in this case for the two aggravated robberies, but the Court ordered those sentences to run concurrently. Sentencing Tr. 10, CR ECF No. 44.

Following Gongora's objection that sentences from *both* state court prosecutions—the aggravated robbery and the aggravated assault—should run concurrently, the Court disagreed and ordered any sentence for the unrelated aggravated assault to run consecutively to his federal sentence. *Id.* This was because the *only* consideration of the aggravated assault charge came in reference to the Court weighing the § 3553 factors to determine an appropriate sentence—in other words, the Court noted Gongora's "extensive criminal history," which included "violent crimes" that "appears to be accelerating towards more violent behavior" which was "evidenced by his willingness to use a firearm in the instant offense and to shoot another person on the street." *Id.* at 12. Otherwise, as the PSR addendum noted, the aggravated assault offense was wholly unrelated to the aggravated robbery offense conduct—"the offense is considered Offense Behavior Not Part of Relevant Conduct because it is an additional offense not calculated in the Guidelines." PSR Addendum 2, CR ECF No. 30-1. Because this Court ordered that Gongora's federal sentence run consecutive *only* as to the unrelated aggravated assault sentence, there was no double jeopardy violation.

For all of these reasons, Gongora's § 2255 motion must be denied.

## V.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22 (b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Lorenzo Luis Gongora's has not made a showing that reasonable jurists would question this Court's rulings and, accordingly, **DENIES** a certificate of appealability for the reasons stated in this order.

## VI.   CONCLUSION and ORDER

It is therefore **ORDERED** that Lorenzo Luis Gongora's motion to vacate under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED.**  It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this **25th day** of **April, 2024**.

                                                                    *[signature]*
                                                                    Reed O'Connor
                                                                    UNITED STATES DISTRICT JUDGE

9